**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | CRIMINAL NO. 15-245 |
|---|---|
| v. | CIVIL NO. 17-5443 |
| KURT KRUMPHOLZ | |

**MEMORANDUM**

**Baylson, J.**                                                    **September 18, 2018**

Petitioner/Defendant Kurt Krumpholz has filed a Motion to Vacate, Set Aside Pursuant to

28 U.S.C. § 2255.   In this case, the Defendant was charged with serious child pornography

offenses and entered a plea of guilty while represented by privately-retained counsel, John

McMahon, Esquire.   Krumpholz entered a guilty plea to the charges pursuant to a plea agreement

with the Government, which recommended a specific sentence pursuant to Federal Rule of

Criminal Procedure 11(c)(1)(C), of 120 months incarceration plus supervised release, a fine, and

restitution.   As the Government's response to the motion details, because the plea agreement did

not contain an express agreement as to a fine, or address the length of supervised release, the

parties agreed, after an appeal had been filed, to dismiss the appeal and the remand the case for

further proceedings at which time the Court imposed the same 120 months incarceration, to be

followed by five years of supervised release, plus restitution and a special assessment.

On December 5, 2017, Petitioner filed the instant Motion (ECF 94) alleging that Attorney

McMahon provided ineffective assistance of counsel.

Upon review of the record, the Government's response, and the Defendant's submission of

supplemental material by Motion to Supplement (ECF 109), which will be **GRANTED**, the Court

will **DENY** the Petition.

1

The Government's brief contains detailed excerpts from the proceedings in this Court in which the Defendant specifically acknowledged, under oath, that he had read the plea agreement and understood it, that he had discussed it with counsel, that he was familiar with the details, and that his guilty plea was fully voluntary in all respects. There is simply nothing in the Petitioner's allegations that would support any claim of ineffective assistance of counsel. Petitioner was facing a very long sentence of incarceration if he had been convicted of all the charges against him, and acknowledged that he was in agreement with the 120 month imprisonment that had been agreed to by the prosecution and defense counsel, as well as Defendant.

Petitioner cannot, having made those statements and admissions and acknowledgements under oath at the time of the plea, now attempt to assert that his counsel was inadequate. In fact, Petitioner acknowledged at both the time of the plea and at the time of the sentencing that he was completely satisfied with Mr. McMahon's representation.

For these reasons, and as more fully stated in the Government's response, which the Court finds to be an accurate account of both the history of the case and the law, the Petition will be **DENIED**.